

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SIRAJ AKHTAR, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-421-A |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was filed on July 18, 2007, by plaintiffs, Siraj Akhtar ("Akhtar"), Aatif Nawaz ("Nawaz"), Saima Aatif ("Aatif"), Ehad Abdel Rahman ("Rahman"), Samir Mustafa Abu Own ("Samir"), Zia Uddin Hakim ("Hakim"), Ziad Abdel-Latif Qadora ("Qadora"), Jamal Hussain ("Hussain"), Zainab Saber Abdelrahaman ("Abdelrahaman"), Majd Alchweki ("Alchweki"), Mohammad J. Abbas ("Abbas"), and Adnan Mustafa Abu Own ("Adnan"). Plaintiffs concede that Hussain should be dismissed and his claims against defendant are moot. Thus, the remaining plaintiffs are those listed above with the exception of Hussain.

Pending before the court are the motions of defendants to dismiss the above-captioned action for lack of subject matter jurisdiction, to drop improperly joined plaintiffs, or, in the

alternative, to remand this action to the United States Citizenship and Immigration Services ("USCIS"). Defendants are United States Department of Homeland Security; Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("USCIS"); Christi Barrows, Director, USCIS Dallas Office; Federal Bureau of Investigation ("FBI"); Robert Mueller, Director, FBI; Michael A. Cannon, Records Management Division Section Chief, FBI; Alberto Gonzalez, Attorney General of the United States. All defendants are sued in his or her official capacity only.

Plaintiffs also sue Unknown United States Government Agencies charged with the implementation and supervision of applications for benefits and naturalization under the Immigration and Nationality Act for individuals residing in the Dallas Region. This court does not permit suits against unknown defendants. If and when plaintiffs determine the actual identity of the "Unknown United States Government Agencies", they may seek leave of court to amend their complaint. For now, the court considers that the defendants are those listed in the immediately preceding paragraph in this action.

Having reviewed the motions, the response of plaintiffs,

defendants' reply, and the applicable legal authorities, the court concludes that such motions should be denied for the reasons stated below.

I.

Allegations of Complaint

On July 18, 2007, plaintiffs filed the instant action alleging that defendants have unreasonably failed and refused to complete the name check and background check as to each plaintiff's application to USCIS. Plaintiffs allege that Akhtar, Rahman, Samir, Hakim, Qadora, and Abdelrahaman each has an application pending with USCIS for naturalization as a citizens;[1] that Nawaz and Aatif each has an application pending with USCIS for permanent residency based on employment; and that Alchweki, Abbas, and Adnan each has an application pending with USCIS for adjustment of status to lawful permanent resident. Plaintiffs seek relief in the form of a writ of mandamus ordering defendants to complete the name checks and background checks within 90 days and to forward the results of the checks to USCIS.

---

[1] Although the complaint states that Rahman has "made an application to CIS, for citizenship" the court construes this allegation to mean that Rahman has a pending application for "naturalization as a citizen" as is alleged with respect to Akhtar, Samir, Hakim, Qadora, and Abdelrahaman. Pls.' Compl. 6-8.

II.

The Motions to Dismiss, Drop, or in the Alternative, Remand

On October 17, 2007, defendants filed motions to dismiss for lack of subject matter jurisdiction, to drop improperly joined plaintiffs, or, in the alternative, to remand this action to USCIS. Defendants contend that the court should dismiss the action for lack of subject matter jurisdiction because certain of plaintiffs' claims are moot and others involve discretionary actions that are not subject to judicial review. Further, defendants maintain that the court should drop all plaintiffs with the exception of Akhtar, as they are improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure. According to defendants, plaintiffs cannot show that their claims arise from the same transaction or occurrence and that such claims raise a common issue of fact or law as required by Rule 20(a). In the alternative, defendants ask the court to remand the case to USCIS to adjudicate plaintiffs' applications.

II.

Analysis

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Here, whether subject matter jurisdiction exists depends on the existence of a federal question. Thus, plaintiffs' claims

4

must "arise under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331.  Plaintiffs contend that the court has subject matter jurisdiction under 28 U.S.C. § 1331 based on a combination of certain provisions of the Administrative Procedure Act ("APA") and 28 U.S.C. § 1361.  The court agrees.

Section 1361 says that this court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Section 555(b) of the APA states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b)  Section 706(c) of the APA says that a court may "compel agency action unlawfully withheld or unreasonably delayed."[2]  5 U.S.C. § 706(c).

Here, plaintiffs complain of defendants' unreasonable delay in processing the name and background checks associated with

---

[2] The APA provides that "[a] person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

their various applications pending with USCIS. Defendants concede that their duty to perform the checks with respect to the plaintiffs seeking naturalization is not discretionary but rather mandated by Congress in 8 U.S.C. § 1446(b) and by USCIS regulations. Defs.' Reply 6. However, for a reason not apparent to the court, defendants nonetheless maintain that the court lacks subject matter jurisdiction over the requests for relief of the plaintiffs seeking naturalization. The court concludes that the court has subject matter jurisdiction over the claims asserted by Akhtar, Rahman, Samir, Hakim, Qadora, and Abdelrahaman.

Further, with respect to Nawaz, Aatif, Alchweki, Abbas, and Adnan, who are seeking adjustment of status, defendants cite 8 U.S.C. § 1252(a)(2)(B) for the proposition that "no court shall have jurisdiction to review any judgment regarding whether to grant or deny an adjustment of status, and [§ 1252(a)(2)(B)] excludes from judicial review any other decision or action specified to be within USCIS's discretion." Defs.' Mot. 16 (citing 8 U.S.C. § 1252(a)(2)(B)(i)&(ii)). However, the text of the statute actually reads that "no court shall have jurisdiction to review . . . any _judgment_ regarding the granting of relief" for adjustment of status. Id. (emphasis added). Here,

plaintiffs are not asking for judicial review of a "judgment" made by USCIS; rather, they are simply seeking relief for defendants' failure to act within a reasonable time. Indeed, when USCIS fails to adjudicate an application for adjustment of status, it has not effectively made a "judgment" at all and § 1252's preclusion of judicial review is inapplicable. See Han Cao v. Upchurch, 496 F. Supp. 2d 569, 572 (E.D. Pa. 2007).

Defendants also argue that § 1252(a)(2)(B)(ii) bars the court's jurisdiction over any discretionary decisions made by USCIS. The Fifth Circuit has held otherwise:

> One might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to review any discretionary immigration decision. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority <u>specified in the statute</u>. The statutory language is uncharacteristically pellucid on this score; it does not allude generally to "discretionary authority" or to "discretionary authority exercised <u>under this statute</u>," but specifically to "authority for which is specified under this subchapter to be in the discretion of the Attorney General." Id. (emphasis added).
>
> . . . one might argue that the statute authorizes such a regulatory delegation of discretion and that the underlying activity should therefore be immune from our scrutiny, but such a construction would belie Congress's conspicuous selection of the phrase "specified under this subchapter."

Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). The Fifth Circuit goes on to state that "we decline to endorse an

7

interpretation whereby any statutorily authorized regulation conferring discretion necessarily forecloses judicial review. Such a reading is contrary to Congress's language and has adverse policy consequences." Id. at 303 n.6. Accordingly, defendants' argument here that § 1252(a)(2)(B) precludes judicial review over plaintiffs' claims is without merit. USCIS has total discretion, not subject to judicial review, to deny adjustments of status. Indeed, such discretion obviates any purported need to unreasonably delay applications. The court concludes that subject matter jurisdiction is proper over all of plaintiffs' claims.

B. Motion to Drop Certain Plaintiffs

Rule 20(a) of the Federal Rules of Civil Procedure says that "[p]ersons may join on one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a

8

party." "The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice." Arrington v. City of Fairfield, Ala., 414 F.2d 687, 693 (5th Cir. 1969).

Here, defendants argue that the court should drop all plaintiffs from the instant action, with the exception of Akhtar the first named plaintiff, because they were improperly joined. Defendants contend that plaintiffs' claims do not arise out of the same transaction or occurrence and that their claims do not raise a question of law or fact common to all plaintiffs. Specifically, defendants point out that plaintiffs "variously seek naturalization, adjustment of status to lawful permanent residence, and non-immigrant employment-based permanent residency [and that they] each submitted their applications at different times, at different locations, and are in different states of the application process." Defs.' Reply 3. Further, defendants maintain that "the adjudication of one individual Plaintiff's claims does not guarantee any other Plaintiff to the same relief, which helps to establish that Plaintiffs' claims are not connected to one another and do not arise from the same transaction(s) or occurrence(s)." Id. at 3-4. Thus, defendants'

conclude, the court should grant their motion to drop pursuant to Rule 21 because plaintiffs have failed to meet the requirements for proper joinder under Rule 20.

The court concludes that plaintiffs have satisfied both prongs of the joinder requirement under Rule 20. The first prong asks whether plaintiffs' claims arise out of the same transaction or occurrence. Fed R. Civ. P. 20(a). In analyzing this first prong, the court looks to the Supreme Court's treatment of the word transaction in the context of Rule 13(a) counterclaims. In Moore v. New York Cotton Exchange, 270 U.S. 593 (1926), the Court stated that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. at 610 (emphasis added); see Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)(using the Supreme Court's definition of transaction in Moore to analyze the first prong of Rule 20). Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Mosley, 497 F.2d at 1333. This analysis, when applied Rule 20's use of the terms "transaction or occurrence", permits all "reasonably related claims for relief by

or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Mosley, 497 F.2d at 1333. Here, plaintiffs claims arise from the same transaction or occurrence in the sense that they collectively challenge the unreasonable delay in the processing of the name checks and background checks associated with their immigration applications. That plaintiffs' immigration applications seek various relief and are in different stages of review does not change the fact that all plaintiffs allege the same complaint, namely, that defendants have unreasonably refused and/or failed to complete the name and background checks. Thus, plaintiffs' claims survive the first prong under Rule 20.

The second prong under Rule 20(a) requires that a question of law or fact common to all plaintiffs arise in the action. Like the first prong, the goal of the commonality requirement is to promote fairness and judicial economy. 7 Wright, Miller & Kane §§ 1652-53 (2007). Plaintiffs assert that the common question of fact that arises in their claims is whether the background and name checks have been unreasonably delayed. Defendants maintain that there is no common question of fact because the background and name checks have been completed for some of the plaintiffs. However, plaintiffs contend that, with

the exception of Hussain who is being dismissed from the instant action pursuant to this order, all plaintiffs are still waiting for some aspect of their background or name check to be completed and forwarded to USCIS. Pls.' Resp. 4. Consequently, the court concludes that, at the present time, there is a common issue of fact and plaintiffs have satisfied the second prong under Rule 20(a).

C. Motion to Remand

Defendants argue that, if the court determines that it has proper subject matter jurisdiction over plaintiffs' claims and that the motion to drop should be denied, remand to USCIS would be appropriate. Because the court has concluded that it has subject matter jurisdiction over plaintiffs' claims, the court concludes that the motion to remand should be denied.

IV.

Order

For the reasons discussed above,

The court ORDERS that all claims and causes of action asserted by Hussain against defendants in the above-captioned action be, and are hereby, dismissed as moot.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the

dismissal ordered above.

The court further ORDERS that defendants' motions to dismiss, drop, or in the alternative, to remand, be, and are hereby, denied.

SIGNED December 17, 2007.

_____
JOHN McBRYDE
United States District Judge